# IN THE COURT OF APPEALS OF IOWA

No. 24-1898
Filed February 5, 2025

**IN THE INTEREST OF C.B. and P.B.,**
**Minor Children,**

**S.A., Mother,**
        Appellant.

_____

Appeal from the Iowa District Court for Fremont County, Scott Strait, Judge.


A mother appeals the termination of her parental rights to two children.
**AFFIRMED.**


Eric A. Checketts of Checketts Law, PLC, Glenwood, for appellant mother.

Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney General, for appellee State.

Whitney Estwick of Estwick Law, LLC, Omaha, Nebraska, attorney and guardian ad litem for minor children.


Considered by Tabor, C.J., and Schumacher and Chicchelly, JJ.

**TABOR, Chief Judge.**

A mother appeals the termination of her parental rights to her nine- and ten-year-old children. Because she has not engaged in services or seen the children since removal, we affirm.[1]

## I.      Facts and Prior Proceedings

In this sad case, the Iowa Department of Health and Human Services removed the children from parental custody in 2022 due to their mother's methamphetamine use and the unlivable condition of their home. They were placed in a guardianship with their paternal grandparents but later removed after suffering physical abuse for which the grandparents were charged with felony child endangerment. Nine-year-old P.B. was placed with fictive kin and has been doing well in that placement. Ten-year-old C.B. is in shelter care after being removed from a different placement for his inappropriate behaviors.

During this proceeding, the mother had open child-in-need-of-assistance cases in two other counties. Generally, she told department social workers she wanted to continue reunification efforts but never contacted her case manager or service providers. Nor did she establish visitation with the children. She has not engaged in any court-ordered services, including mental-health counseling or solution-based casework.

The State petitioned to terminate her parental rights in July 2024. The mother did not appear at the hearing in September. But her attorney did appear

---

[1] The children have two half-siblings for whom the mother's parental rights have been terminated. They are not part of this appeal. The children's father consented to termination of his parental rights.

and denied the allegations in the petition. *See In re J.R.*, No. 24-0942, 2025 WL 52738, at *1–2 (Iowa Ct. App. Jan. 9, 2025) (en banc) (noting error may be preserved by counsel's "modest" record of parent's opposition to termination). Yet counsel presented no evidence or argument on her behalf. The court found the evidence sufficient to terminate the mother's rights under Iowa Code section 232.116(1), paragraphs (b), (e), and (g) (2024). She appeals.[2]

## II.    Discussion

"Terminations follow a three-step analysis." *A.R.*, 932 N.W.2d at 591. First, we determine whether statutory grounds for termination are met; then we consider if termination is in the children's best interests; and finally we decide whether circumstances warrant application of a statutory exception to termination. *See id.*

### A.  Statutory Grounds

The mother challenges the juvenile court's decision on the three statutory grounds. We need only affirm on one, and we focus on paragraph (b). *See In re J.A.D.-F.*, 776 N.W.2d 879, 884 (Iowa Ct. App. 2009). Under that ground, the parent's rights can be terminated on "clear and convincing evidence that the child has been abandoned or deserted." Iowa Code § 232.116(1)(b); *see also id.* § 232.2(1) (defining abandonment as "relinquishment or surrender . . . of the parental rights, duties, or privileges inherent in the parent-child relationship" and stating proof must include "the intention to abandon and the acts" demonstrating intent).

---

[2] "We review termination proceedings de novo, examining both the facts and law and adjudicating anew those issues properly preserved and presented." *In re A.R.*, 932 N.W.2d 588, 589 n.1 (Iowa Ct. App. 2019). The juvenile court's factual findings do not bind us, but we give them weight, especially on witness credibility. *Id.*

The mother argues the State did not prove her intent to abandon the children and the court overlooked her indigency and other difficulties.[3]  We disagree.  The record contains clear and convincing evidence of her intent to abandon.  She has had no contact with the children since their removal and has not tried to establish contact with them or the department to obtain services or visitation.  Besides taking no steps to resume their care, she didn't attend the hearing on termination of her rights.  Her lack of action reflects her intent to relinquish her relationship with the children.  So the evidence supports terminating her rights on the abandonment ground.

### B. Best Interests and Statutory Exception

The mother next contends that "[a] child's best interest is served by being in the care and nurture of his biological mother."  In assessing this second step, we give primary consideration to the children's safety; to the best placement for furthering their long-term nurturing and growth; and to their physical, mental, and emotional conditions and needs.  *Id.* § 232.116(2).  The mother has taken no steps to resume care of her children, and they suffered violence in their guardianship.  They are best served by terminating her rights and moving toward permanent and stable homes.

Beyond best interests, the mother urges that severing their relationship with her would harm the children.  *See id.* § 232.116(3) (providing the court may bypass termination on clear and convincing evidence it "would be detrimental . . . due to

---

[3] The mother also argues the State did not prove that "the children cannot be returned to the custody of the parents" at this point.  That argument invokes language from the termination grounds at paragraphs (f) and (h), which are not at issue here.  *See* Iowa Code § 232.116(1)(f), (h).

the closeness of the parent-child relationship"). It is the parent's burden to establish that an exception applies, but the mother presented no evidence to the juvenile court, so she waived this claim. *See J.R.*, 2025 WL 52738, at *2.

### C. Reasonable Efforts

The mother next argues the department failed to make reasonable efforts to maximize contact between her and the children. To challenge reasonable efforts on appeal, the parent must object at the proper time so that appropriate changes can be made. *See In re L.M.*, 904 N.W.2d 835, 839–40 (Iowa 2017). The mother does not identify, nor do we find, any place in the record where she asked for more contact with the children. She has waived this challenge. *Id.* at 840.

**AFFIRMED.**